# **Exhibit A**

LOCKE LORD, LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone: (212) 415-8509
Donald E. Frechette, Esq.
Casey Howard, Esq.
Shalom Jacob, Esq.
Alan H. Katz, Esq.
*Attorneys for RS Old Mills RD, LLC*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| | ) Case No. 7:21-cv-06088 |
| SUFFERN PARTNERS LLC, | ) Case No. 7:21-cv-06090 |
| | ) Case No. 7:21-cv-06092 |
| Debtor. | ) Case No. 7:21-cv-06093 |
| | ) |

# DECLARATION OF ALAN H. KATZ IN SUPPORT OF
# MOTION TO WITHDRAW AS COUNSEL

Alan H. Katz, an attorney admitted before the Courts of the State of New York and this Court, affirms under penalty of perjury as follows:

I am a member of the Bar of this Court and Of Counsel to the firm Locke Lord LLP, attorneys for RS Old Mills RD, LLC in the above-captioned cases. I make this Declaration in support of Locke Lord LLP's Motion to Withdraw as Counsel (the "Motion to Withdraw"), to which this Declaration is attached as an exhibit. I have personal knowledge of the facts stated in the Motion to Withdraw. Such facts are true and correct.

Dated: New York, New York
      September 2, 2021                          */s/ Alan H. Katz*
                                                                        Alan H. Katz

LOCKE LORD, LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone: (212) 415-8509
Donald E. Frechette, Esq.
Casey Howard, Esq.
Shalom Jacob, Esq.
Alan H. Katz, Esq.
*Attorneys for RS Old Mills RD, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SUFFERN PARTNERS LLC, | Case No. 7:21-cv-06088 |
| | Case No. 7:21-cv-06090 |
| | Case No. 7:21-cv-06092 |
| Debtor. | Case No. 7:21-cv-06093 |

**MOTION TO WITHDRAW AS COUNSEL**

TO: THE HONORABLE KENNETH W. KARAS
    UNITED STATES DISTRICT JUDGE

Locke Lord LLP ("Locke Lord") files this motion for an order allowing it to withdraw as counsel for RS Old Mills RD, LLC ("RD") in the above-captioned cases. In support hereof, Locke Lord respectfully submits the Declaration of Alan H. Katz attached hereto as Exhibit A and shows the Court as follows:

On or about June 9, 2021, RD retained Locke Lord to represent it in connection with the underlying bankruptcy case. Subsequently, Locke Lord appeared on RD's behalf in the above-captioned cases, in which RD appeals orders entered by the Bankruptcy Court.

Locke Lord has had great difficulties in contacting and communicating with RD. Attempts have been made to address this issue, but it has not been satisfactorily resolved. Also, these attempts have demonstrated that Locke Lord and RD have profoundly different views

96923368v.1

regarding certain case developments. This lack of client responsiveness/communication, as well as the aforesaid differences, have, in Locke Lord's judgment, severely impaired Locke Lord's ability to provide competent representation and irreconcilably impaired the attorney-client relationship, rendering it unreasonably difficult for Locke Lord to effectively represent RD. Locke Lord determined that it would seek to withdraw from representing RD in both this Court and the Bankruptcy Court. Locke Lord is not asserting a retaining or charging lien.

Locke Lord has provided notice to RD several times, orally, by email and by letter, that it would be moving to withdraw from representing it in the above-captioned cases and in the Bankruptcy Court and that RD should promptly obtain other counsel. Locke Lord has provided RD with a list of scheduled hearings and filing deadlines in the above-captioned cases and in the Bankruptcy Court. Locke Lord filed a motion to withdraw in the Bankruptcy Court and provided that motion and its associated notice of hearing to RD.[1] Locke Lord will serve this motion and the notice hereof on RD.

## I. The Standard for Withdrawal

Local Civil Rule 1.4 provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

*Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.* Whether cause exists to grant a motion to withdraw as counsel

---

[1] Hearing in the Bankruptcy Court is set for September 13, 2021.

2

falls within the sound discretion of the court. *See also Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010). The court will consider two issues in determining whether to grant a motion for withdrawal: (i) the reasons for withdrawal; and (ii) the impact of the withdrawal on the timing of the proceeding. *Star Funding, Inc. v. Vault Minerals LLC*, No. 15-CV-03026, 2017 WL 7790610, at *1 (S.D.N.Y. Aug. 31, 2017).

"'The existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Sang Lan v. AOL Time Warner, Inc.*, No 11 Civ. 2870, 2011 WL 5170311, at *1 (S.D.N.Y. Oct. 31, 2011) (citation omitted)). See also *Munoz v. City of New York*, No. 04 CIV. 1105, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) ("The law firm has shown good cause for withdrawal based on the lack of communication with the plaintiff and the acrimonious relationship that has developed between the law firm and the plaintiff.") "It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *Farmer v. Hyde Your Eyes Optical, Inc*., 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (quoting *United States v. Lawrence Aviation Indus.*, No. 06-CV-4818, 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011).

Lack of cooperation, which includes lack of communication by the client, is also a sufficient reason to permit withdrawal. *Fischer v. Biman Bangladesh Airlines*, No. 96 CIV. 3120, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997); *See also Liang v. Lucky Plaza Rest*, No. 12-CV-5077, 2013 WL 3757036, at *1, *2 (S.D.N.Y. July 17, 2013) ("A client's failure to cooperate with his attorney constitutes a 'satisfactory reason' for the attorney's withdrawal."); *Munoz, supra,* at *1 (S.D.N.Y. July 15, 2008) (see quotation at citation above); *Callahan v. Consol. Edison Co. of New York*, No. 00 Civ. 6542, 2002 WL 1424593, at *1 (S.D.N.Y. July 1, 2002) (finding a client's failure to pay for services and her refusal to cooperate in preparing for

her defense constituted grounds for withdrawal); *Papir v. Wurms*, No. 02 CIV. 3273, 2003 WL 21650137, at *1 (S.D.N.Y. July 14, 2003) ("There is uncontradicted evidence in the record that communications … have broken down and that Newman Fitch is not being paid.  Both of these grounds constitute good cause for permitting Newman Fitch to withdraw.").

A court will consider whether the "prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel."  *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999).  Courts will generally deny a motion to withdraw on the eve of trail.  *Thekkek v. LaserSculpt, Inc*., No. 11 Civ. 4426, 2012 WL 225924, at *1 (S.D.N.Y. Jan. 23, 2012).  Although a motion to withdraw may impact "both the timing of the pending motion practice and potentially the discovery schedule," if it is not on the verge of being tried, then "the timing of the motion will not disrupt the proceedings to the point where denial [of a motion to withdraw] would be warranted."  *Id*.

## II.     Cause Exists for Locke Lord's Withdrawal

As stated above, Locke Lord has been unable to communicate satisfactorily with RD, a situation that has not been resolved notwithstanding Locke Lord's efforts to do so.  Also, during such efforts it became apparent that Locke Lord and RD have profoundly different views regarding certain case developments. This lack of client responsiveness/communication, as well as the aforesaid differences, have severely impaired Locke Lord's ability to provide competent representation and irreconcilably impaired the attorney-client relationship, thus rendering it unreasonably difficult for Locke Lord to effectively represent RD.  Locke Lord submits that cause exists for the Court to permit it to withdraw.[2]

---

[2] Locke Lord is constrained by the attorney-client privilege and the New York Rules of Professional Conduct from addressing these matters in more detail.

**III.     The Impact of Withdrawal on the Timing of the Cases**

In Nos. 21-06088 and 21-06090, RD and Appellee, Suffern Partners, LLC agreed to a briefing schedule, entered by the Court, under which Appellee would file a motion to dismiss by August 31, 2021, RD will file its response by October 25, 2021, and Appellee's reply, if any will be filed by November 15, 2021.  Suffern Partners, LLC filed its motion to dismiss on August 31, 2021.  RD has sufficient time to engage other counsel before its response is due on October 25, 2021.

In Nos. 21-06092 and 21-06093, Appellant's briefs are due September 20, 2021.  Locke Lord advised RD on August 20, 2021 that it would be withdrawing and advised it to retain other counsel.  Locke Lord submits that RD has had and has sufficient time to retain counsel and to file its briefs by September 20, 2021.

Locke Lord submits that its withdrawal will not disrupt the proceedings in the above-captioned cases - certainly not to the point where denial of Locke Lord's motion to withdraw would be warranted.

## CONCLUSION

For the foregoing reasons, Locke Lord respectfully requests that this Honorable Court enter an order allowing it to withdraw from representation of RD in the above-captioned cases and granting such other and further relief as the Court deems just and proper.

Dated: September 2, 2021
New York, New York

      */s/ Alan H. Katz*
      Donald E. Frechette
      Casey Howard
      Shalom Jacob
      Alan H. Katz
      LOCKE LORD, LLP
      Brookfield Place
      200 Vesey Street, 20th Floor
      New York, New York 10281
      Telephone: (212) 415-8509
      Facsimile: (212) 812-8380
      donald.frechette@lockelord.com
      choward@lockelord.com
      sjacob@lockelord.com
      akatz@lockelord.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 2nd day of September, 2021, a true and correct copy of the foregoing was sent by ECF Noticing to all parties receiving ECF Notices in this case.

      s/ *Alan H. Katz*

96923368v.1